## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STERN/LEACH COMPANY, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | C.A. No. 1:08-cv-06065-DLC |
| | : | |
| ALMOND INTERNATIONAL, INC., ALMOND | : | |
| STERLING, INC., ALMOND (THAILAND) | : | |
| LIMITED, GOLD AND HONEY (1995) LP, GOLD & | : | |
| HONEY, LTD., JONATHAN MANDELBAUM, and | : | |
| MAURICE MANDELBAUM, | : | |
| | : | |
| Defendants. | : | |

### AFFIDAVIT OF STEPHEN GEANACOPOULOS

I, Stephen Geanacopoulos, hereby depose and state upon personal knowledge the following:

1.     I am an attorney licensed to practice law in the State of Rhode Island.

2.     Following the institution of the above-captioned matter, I sought to effect service of process upon Defendants Maurice Mandelbaum, Jonathan Mandelbaum, Almond International, Inc. a New York corporation, Gold and Honey (1995) LP, a New York Limited Partnership, Almond Sterling, Inc., a New York corporation, Almond (Thailand) Limited, a Thailand corporation, and Gold and Honey, Ltd., an Israeli corporation.

3.     On or about August 30, 1999, the Defendants entered into an Agreement for Strategic Alliance ("Agreement") with Stern/Leach Company, a Delaware corporation and Plaintiff in the above-captioned matter. The instant litigation arises out of several transactions made by and among the parties pursuant to the Agreement.

4.     Pursuant to § 12.16 of the Agreement, the Defendants irrevocably designated, appointed, and empowered Yerushalmi & Associates, LLP, Empire State Building, 350 Fifth Avenue, 60th Floor, Suite 6011, New York, NY  10118-6096, and its successors, as their

authorized special agent to receive, for and on behalf of each Defendant and their affiliates, service of process in any legal action or proceeding arising out of or in connection with the Agreement. True and accurate copies of the pertinent provisions of the Agreement are attached hereto as Exhibit 1.

5.     The Agreement provided that a copy of such process was to be sent by any of the following methods: (1) Certified Mail, Return Receipt Requested, with First Class Postage Prepaid; (2) hand delivery; (3) reputable overnight courier; or (5) facsimile transmission. True and accurate copies of the pertinent provisions of the Agreement are attached hereto as Exhibit 2.

6.     Upon information and belief, the law firm of Yerushalmi & Associates, LLP no longer exists. The successor entity of Yerushalmi & Associates, LLP is the Law Office of Joseph Yerushalmi. Joseph Yerushalmi, Esq., a principal in the Law Office of Joseph Yerushalmi, has personally indicated to me that the mailing address of the Law Office of Joseph Yerushalmi is 17 Barstow Road, Suite 206, Great Neck, NY 11021. Upon information and belief, and as reflected on the letterhead of the Law Office of Joseph Yerushalmi, used by Joseph Yerushalmi to communicate with me, the current facsimile number for the Law Office of Joseph Yerushalmi is 516-466-8988.

7.     On July 22, 2008, pursuant to the Agreement, I mailed, via Certified Mail, Return Receipt Requested (as well as regular mail), copies of the Summonses with respect to each Defendant in the above-captioned matter and a copy of the Complaint in the above-captioned matter, to Joseph Yerushalmi, Esq., Law Office of Joseph Yerushalmi, 17 Barstow Road, Suite 206, Great Neck, NY 11021. A true and accurate copy of the cover letter enclosed with said materials is attached hereto as Exhibit 3.

8.     On or about July 29, 2008, I received a United States Postal Service Return Receipt confirming the delivery of those materials to Joseph Yerushalmi, Esq. A true and accurate copy of the Return Receipt is attached hereto as Exhibit 4.

9.     On or about July 30, 2008, Nicholas R. Mancini, an Associate in my office, at my direction, forwarded, via facsimile, copies of the Summonses with respect to each Defendant in the above-captioned matter and a copy of the Complaint in the above-captioned matter, to Joseph Yerushalmi, Esq. at 516-466-8988. See Affidavit of Nicholas Mancini, attached hereto as Exhibit 5.

10.    On July 30, 2008, at 2:31 p.m., transmission of said materials to the facsimile number provided to me by Attorney Yerushalmi was confirmed by a verification notice from my facsimile system. See Exhibit 5.

SIGNED UNDER THE PENALTIES OF PERJURY THIS _4th_ DAY OF SEPTEMBER, 2008.

STEPHEN GEANACOPOULOS

STATE OF RHODE ISLAND
COUNTY OF

Subscribed and sworn to before me in the County of _Providence_, Town of _Providence_, State of Rhode Island on this _4th_ day of _Sept._, 2008.

Notary Public

My Commission Expires on: _6/28/09_

*466766_1.doc*

# Exhibit 1

AGREEMENT FOR STRATEGIC ALLIANCE

This Agreement is entered into on this 30th day of August, 1999 by and among: (1) Jonathan Mandelbaum, Maurice Mandelbaum and Avishay Levanovsky; (2) Almond International, Inc., a New York corporation ("AI"); Gold and Honey (1995) LP, a New York limited partnership (the "Partnership"); Almond (Thailand) Limited, a Thailand corporation ("Thailand"); Almond Sterling, Inc., a New York corporation ("AS") and Gold & Honey, Ltd., an Israeli corporation ("G&H Ltd.") (AI, the Partnership, Thailand, AS and G&H Ltd. are hereinafter collectively referred to as the "Companies" and each of them individually is sometimes hereinafter referred to as a "Company"); (3) Almond Jewelers, Inc., a New York corporation ("Almond Jewelers"), owner of all of the issued and outstanding shares of AI (collectively "AI Owners" and individually an "AI Owner"); G&H Ltd., Almond Jewelers, and Twenty Four Karat International Ltd., a New York corporation, constituting all of the partners of the Partnership (collectively the "Partners" and individually a "Partner"); Jonathan Mandelbaum and Maurice Mandelbaum, owners of all of the issued and outstanding shares of Thailand (collectively the "Thailand Owners" and individually a "Thailand Owner"); and Jonathan Mandelbaum and Maurice Mandelbaum, owners of all of the issued and outstanding shares of AS (collectively the "AS Owners" and individually an "AS Owner"); and Mercury B.V., a Dutch company, and Samper Fidlis Trust Company, Ltd., owners of all of the issued and outstanding shares of G&H Ltd. (collectively the "G&H Ltd. Owners" and individually a "G&H Ltd. Owner") (the AI Owners, the Partners, the Thailand Owners, the AS Owners and the G&H Ltd. Owners, together with Jonathan Mandelbaum, Maurice Mandelbaum and Avishay Levanovsky, are collectively referred to herein as the "Owners" and each of them is sometimes hereinafter referred to individually as an "Owner"); and (4) Stern/Leach Company, a Delaware corporation ("Lender").

WHEREAS, the parties hereto desire to form a strategic alliance between the Companies and the Lender upon the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and the mutual representations, warranties, covenants and agreements of the parties made herein, and for good and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto do hereby agree as follows:

## 1. THE LOANS.

1.1.    The New Loan.  Subject to satisfaction of the conditions set forth in Section 1.4 hereof, on the date hereof (the "Funding Date"), Lender will make a new loan (the "New Loan") in the amount of US$700,000 to and among the Companies.  On the Funding Date, the entire proceeds of the New Loan will be disbursed and
paid to and among the Companies as they may direct in the form of, at the Companies' option, cash or fine troy ounces of gold, or a combination thereof.  To the extent that the New Loan is made in fine troy ounces of gold, the gold shall be valued at the p.m. London fix on the Funding Date.

2

contained, at any of the Second Option Closing, the Third Option Closing, a closing pursuant to Section 9A.3 hereof or a closing pursuant to Section 9A.4 hereof, the selling party (whether the Lender or Owners) shall, and does hereby, jointly and severally represent to the buying party (whether the Owners or the Lender) that the selling party is not aware of any Non-Ordinary Course Material Liability or any other matter or fact that will have a material adverse effect on the condition (financial or otherwise), properties, assets, liabilities, business, operations, affairs or prospects of the Companies (or any of them) except as may be disclosed in writing by the selling party to the buying party in advance of such closing.

12.15   Reimbursement in Respect of Guarantees.   (a) If the Lender's First Option Closing shall occur and if while the Lender owns all of the shares and partnership interests of the Companies which it acquires at the Lender's First Option Closing either of the Mandelbaums shall be required to make a payment pursuant to any personal guaranty (a "Covered Mandelbaum Guaranty") which is given by him to creditors of the Companies and which is either disclosed on Schedule 12.15 attached hereto or given by him after the date hereof with Lender's approval, then Lender will reimburse him to the extent necessary to ensure that the total payment made to the third party creditor (including any payments made by Lender) is shared equally between the Mandelbaums and the Lender.  If while the Lender owns all of the issued and outstanding shares and partnership interests of the Companies either of the Mandelbaums shall be required to make a payment pursuant to a Covered Mandelbaum Guaranty, then Lender will reimburse him to the extent necessary to ensure that the payment made to the third party creditor is borne 100% by Lender.

(b)     If the Lender's First Option Closing shall occur and if while the Lender owns all of the shares and partnership interests of the Companies which it acquires at the Lender's First Option Closing Lender shall be required to make a payment pursuant to any guaranty (a "Covered Lender Guaranty") which is given by Lender to creditors of the Companies and which is given by Lender after the date hereof with the approval of the Mandelbaums, then the Mandelbaums will reimburse Lender to the extent necessary to ensure that the total payment made to the third party creditor (including any payments made by the Mandelbaums) is shared equally between the Mandelbaums and the Lender.  If while the Mandelbaums own all of the issued and outstanding shares and partnership interests of the Companies the Lender shall be required to make a payment pursuant to a Covered Lender Guaranty, then the Mandelbaums will reimburse Lender to the extent necessary to ensure that the payment made to the third party creditor is borne 100% by the Mandelbaums.

12.16   Choice of Forum and Consent to Jurisdiction.   Any action arising out of or under this Agreement, any other document, instrument or agreement contemplated herein or delivered pursuant hereto, or the transactions contemplated by this Agreement or any of such other documents, instruments or agreements, shall be brought only in a federal or state court having jurisdiction and venue in New York U.S.A., and each of the parties hereto hereby irrevocably submits to the jurisdiction of such courts and agrees that venue in New York is proper.  Owners and Companies hereby irrevocably designate, appoint and empower Yerushalmi & Associates, L.L.P., Empire State Building, 350 Fifth Avenue, 60th Floor, Suite 6011, New York, New York 10118-6096, and its successors as their authorized special agent to receive, for and on behalf of Owners and Companies and their affiliates, service of process in any such legal action or

proceeding, a copy of such process to be sent in the manner required above for notices to such party. Lender hereby irrevocably designates,

appoints and empowers Adler Pollock & Sheehan P.C., One BankBoston Plaza, Providence, Rhode Island 02903 and its successors, as its authorized special agent to receive, for and on behalf of Lender and its affiliates, service of process in any such legal action or proceeding, a copy of such process to be sent in the manner require above for notices to such party. To the extent permitted by applicable law, final judgment against such party (a certified copy of which shall be conclusive evidence of the fact and of the amount of any indebtedness of such party hereunder) in any such legal action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on an unsatisfied judgment or similar proceeding. Each of the parties hereto hereby irrevocably waives and agrees not to assert, by way of motion, as a defense, or otherwise, in any legal action or proceeding, any defense or any claim that it is not personally subject to the jurisdiction of the above-named New York courts for any reason, including claims that such party may be immune from the above-described legal process (whether through service or notice, attachment prior to judgment, attachment in aid of execution, or otherwise), or that such proceeding is brought in an inconvenient or otherwise improper forum or that this Agreement or any of the other aforementioned documents, instruments or agreements, or the subject matter hereof or thereof, may not be enforced in or by such courts, or that the same are governed by the laws of a jurisdiction other than New York. Each of the parties hereby specifically agrees that it shall not bring any actions, suits or proceedings arising out of or under this Agreement, any other document, instrument or agreement contemplated herein or delivered pursuant hereto, or the transactions contemplated by this Agreement or any of such other documents, instruments or agreements, in the courts of any jurisdiction other than the above-named courts of New York, that any such action brought by either party shall be dismissed upon the basis of the agreements, terms and provisions set forth in this Section 12.16, and that any order or judgment obtained in any such action from a court other than the courts of New York shall be void ab initio provided that, notwithstanding the foregoing provisions of this Section 12.16, either party may bring and enforce an action seeking injunctive or other equitable relief in any court of competent jurisdiction.

12.17  Pronouns and Plurals.  All pronouns used herein shall be deemed to refer to the masculine, feminine, neuter, singular or plural as the identity of the person or persons may require in the context, and the singular form of nouns, pronouns and verbs will include the plural, and vice versa, whichever the context may require.

12.18  Waiver of Rights of First Refusal.  Owners and the Companies hereby waive, and agree to hereafter promptly take such further actions as may be necessary to waive, any rights of first refusal and restrictions on transfer applicable to the transfer of shares and partnership interests in the Companies as and to the extent necessary to enable the transactions contemplated by this Agreement to be timely consummated without violation of any such rights of first refusal or restrictions on transfer.

12.19  Confidentiality/Non-Disclosure.  Each of Owners and the Companies covenants and agrees with Lender that he, she or it will not, without Lender's prior written consent, hereafter disclose this Agreement, or the terms hereof, or the existence or nature of Lender's relationship with the Companies and Owners, to any person (including, but not limited to, Lender's

# Exhibit 2

rights under this Agreement specifically, to recover damages by reason of any breach of any provision of this Agreement and to exercise all other rights or remedies in such party's favor. The parties hereto acknowledge and agree that money damages will not be an adequate remedy for any breach of the provisions of this Agreement, and that any party may demand, and shall be entitled to obtain, in addition to money damages or any other remedies available to him, her or it, the remedy of specific performance and/or injunctive relief in order to enforce, or prevent any violations of, the provisions of this Agreement.

12.3    Notices.  Except as otherwise contemplated by this Agreement, any notice or other communication required or permitted to be given to any party hereunder shall be in writing and shall be given to such party at such party's address set forth below or such other address as such party may hereafter specify by notice in writing to the other party.  Any such notice or other communication shall be addressed as aforesaid and given by (1) certified mail, return receipt requested, with first class postage prepaid, (2) hand delivery, (3) reputable overnight courier or (4) facsimile transmission.  Any notice or other communication will be deemed to have been duly given (1) on the fifth day after mailing, provided receipt of delivery is confirmed, if mailed by certified mail, return receipt requested, with first class postage prepaid, (2) on the date of service if served personally, (3) on the business day after delivery to an overnight courier service, provided receipt of delivery has been confirmed or (4) on the date of transmission if sent via facsimile transmission, provided confirmation of receipt is obtained promptly after completion of transmission.

To any Company or Owner
or the Owners' Representative:

**Jonathan Mandelbaum**
c/o Almond International, Inc.
111 Cantiague Rock Road
Westbury, New York  11590
Fax:  (516) 933-6092

With a copy to:

Yerushalmi & Associates, L.L.P.
Empire State Building
350 Fifth Avenue, 60th Floor
Suite 6011
New York, New York 10118-6096
                                                          Attn:
Joseph Yerushalmi and Eldad  Gal
Fax:  (212)-563-7139

To Lender:

Stern/Leach Company
c/o Stern Metals, Inc.
110 Mossberg Drive
Attleboro, Massachusetts 02703
Attn:  Richard V. Powers
Fax:  (508)-222-2162

With Copies to:

Cookson America, Inc.

One Cookson Place
Providence, Rhode Island 02903
Attn: Stuart L. Daniels
Fax: (401)-521-5273

and

Adler Pollock & Sheehan P.C.
One BankBoston Plaza
Providence, RI 02903
Attn: John F. Corrigan, and
      Stephen Geanacopoulos
Fax: (401) 751-0604

12.4    _Waiver_.  The failure of any party hereto at any time or times hereafter to exercise any right, power, privilege or remedy hereunder or to require strict performance by the other or another party of any of the provisions, terms or conditions contained in this Agreement or in any other document, instrument or agreement contemplated hereby or delivered in connection herewith shall not waive, affect, or diminish any right, power, privilege or remedy of such party at any time or times thereafter to demand strict performance thereof; and no rights of any party hereto shall be deemed to have been waived by any act or knowledge of such party, or any of its agents, officers or employees, unless such waiver is contained in an instrument in writing, signed by such party.  No waiver by any party hereto of any of its rights on any one occasion shall operate as a waiver of any of its other rights or any of its rights on a future occasion.

12.5    _Section Headings_.  The section headings in this Agreement are for convenience of reference only and shall not be deemed to be a part of this Agreement or to alter or affect any provisions, terms or conditions contained herein.

12.6    _Exhibits and Schedules_.  Any exhibits, schedules, financial statements and other documents referenced herein shall be deemed to be attached hereto and made a part hereof.

12.7    _Severability_.  Wherever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law.  If any provision of this Agreement is declared illegal, invalid or unenforceable for any reason in any jurisdiction, then such declaration shall have no effect upon the remaining provisions of this Agreement which shall continue in full force and effect as if this Agreement had been executed with the invalid provision hereof deleted.  Furthermore, the entirety of this Agreement shall continue in full force and effect in all other jurisdictions.

12.8    _Entire Understanding_.  This Agreement sets forth the entire agreement and understanding between the parties with respect to the subject matter hereof and merges any and all discussions, negotiations, letters of intent or agreements in principle between them.  Neither of the parties shall be bound by any conditions, warranties, understandings or representations with respect to such subject matter other than as expressly provided herein, or as duly set forth on or subsequent to the date hereof in writing and signed by a duly authorized officer of the party to be bound

Exhibit 3

## ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2210
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

July 22, 2008

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
No. 7006 0100 0001 2929 8533
AND BY REGULAR MAIL

Joseph Yerushalmi, Esq.
Law Office of Joseph Yerushalmi
17 Barstow Road, Suite 206
Great Neck, NY 11021

**Re:     Stern / Leach vs. Almond International, et. al**

Dear Joseph:

Pursuant to Section 12.16 of the Agreement for Strategic Alliance dated August 30, 1999, we are herewith delivering to you copies of the summonses and Complaint against the Defendants named therein and related materials addressed to you at the address which you represented to me as being your current office address.

Very truly yours,

STEPHEN GEANACOPOULOS

SG/tlt
Enclosures

cc:     (via certified mail/return receipt requested no. 7006 0100 0001 2929 8526
        & regular mail)

        Jonathan Mandelbaum (w/encls.)
        c/o Almond International, Inc.
        111 Cantiague Rock Road
        Westbury, NY 11590

*462341_1.doc*



STATE CAPITAL
GLOBAL LAW FIRM GROUP

Member firms of the State Capital Global Law Firm Group practice independently and not in a relationship for the joint practice of law.

# Exhibit 4

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joseph Yerushalmi, Esq.
Law office of
Joseph Yerushalmi
17 Barstow Road, Suite 206
Great Neck NY 11021

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _J. Brattin_ ☐ Agent ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail  ☐ Express Mail
   ☐ Registered  ☐ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)    7006 0100 0001 2929 8533

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Stephen Geanacopoulus, Esq.
Adler Pollock + Sheehan P.C.
One Citizens Plaza
8th Fl,
Providence, RI 02903
006235/001

# Exhibit 5

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STERN/LEACH COMPANY, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | C.A. No. 1:08-cv-06065-DLC |
| | : | |
| ALMOND INTERNATIONAL, INC., ALMOND | : | |
| STERLING, INC., ALMOND (THAILAND) | : | |
| LIMITED, GOLD AND HONEY (1995) LP, GOLD & | : | |
| HONEY, LTD., JONATHAN MANDELBAUM, and | : | |
| MAURICE MANDELBAUM, | : | |
| | : | |
| Defendants. | : | |

## AFFIDAVIT OF NICHOLAS R. MANCINI

I, Nicholas R. Mancini, hereby depose and state upon personal knowledge the following:

1.    I am an attorney licensed to practice law in the State of Rhode Island.

2.    On or about July 30, 2008 I was directed by Attorney Stephen Geanacopoulos to forward, via facsimile, copies of the Summonses with respect to each Defendant in the above-captioned matter as well as a copy of the Complaint in the above-captioned matter, to Joseph Yerushalmi, Esq. at facsimile number 516-466-8988.

3.    On or about July 30, 2008, I sent, via facsimile, copies of the Summonses with respect to each Defendant in the above-captioned matter and a copy of the Complaint in the above-captioned matter, to Joseph Yerushalmi, Esq. at 516-466-8988. A true and accurate copy of the cover letter which accompanied the faxed materials is attached hereto as Exhibit 1. A true and accurate copy of the facsimile cover sheet which accompanied the faxed materials is attached hereto as Exhibit 2.

4.    On July 30, 2008 at 2:31 p.m., I received a verification notice from my facsimile system indicating that the facsimile of said materials to Joseph Yerushalmi, Esq. at 516-466-8988 was successful.  A true and accurate copy of the confirmation sheet is attached hereto as Exhibit 3.


SIGNED UNDER THE PENALTIES OF PERJURY THIS ___4th___ DAY OF
SEPTEMBER 2008.

_____
NICHOLAS R. MANCINI


STATE OF RHODE ISLAND
COUNTY OF

Providence    Subscribed and sworn to before me in the County of _Providence_, City of
_Providence_, State of Rhode Island on this _4th_ day of _Sept._, 2008.

_____
Notary Public
My Commission Expires on: _6/28/09_


466824_1.doc

# Exhibit 1

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2210
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

July 30, 2008

VIA FACSIMILE
516-466-8988

Joseph Yerushalmi, Esq.
Law Offices of Joseph Yerushalmi
17 Barstow Road, Suite 206
Great Neck, NY 11021

Re: <u>Stern/Leach v. Almond International, Inc., et al.</u>

Dear Attorney Yerushalmi:

Enclosed please find another set of copies of the following materials with respect to the above-captioned matter:

1.  Complaint filed in United States District Court for the Southern District of New York By Stern/Leach Company against Almond International, Inc., Almond Sterling, Inc., Almond (Thailand) Ltd., Gold & Honey (1995) L.P., Gold & Honey, Ltd., Jonathan Mandelbaum, and Maurice Mandelbaum;

2.  Seven (7) summonses in a civil action directed to each named defendant;

3.  Stern/Leach's Disclosure Statement under Rule 7.1 of the Federal Rules of Civil Procedure;

4.  United States District Court for the Southern District of New York form for consent to proceed before United States Magistrate Judge;

5.  Individual practices and civil cases before Denise Cote, United States District Judge;

6.  United States District Court for the Southern District of New York electronic case filing rules and instructions; and

7.  Individual Practices of Magistrate Judge Maas.



STATE CAPITAL
GLOBAL LAW FIRM GROUP

Member firms of the State Capital Global Law Firm Group practice
independently and not in a relationship for the joint practice of law.

ADLER POLLOCK & SHEEHAN P.C.

July 30, 2008
Page 2

These materials have previously been mailed to you on July 22, 2008, via certified mail, return receipt requested and regular mail; and emailed to you on July 23, 2008.

Very truly yours,

NICHOLAS R. MANCINI
nmancini@apslaw.com

NRM:sz

Enclosures
*463182_1.doc*

# Exhibit 2



# AP&S
## ADLER POLLOCK & SHEEHAN P.C.

## FAX COVER SHEET

| | | | |
|---|---|---|---|
| **To:** | Joseph Yerushalmi, Esq. | **Date:** | 7/30/08 |
| **Company:** | Law Offices of Joseph Yerushalmi | **No. of Pages:** | 108 |
| **Fax No:** | 516-466-8988 | **Tel. No.:** | |
| **From:** | **Nicholas R. Mancini, Esq.** | **Tel. No.:** | 401-274-7200 |

**Message:**

See attached.

*463187_1*

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of the message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the below address via the U.S. Postal Service. Thank you

**Providence**
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Tel: 401-274-7200
Fax: 401-751-0604/401-351-4607

**Boston**
175 Federal Street, 10th Floor
Boston, Massachusetts 02110-2890
Tel: 617-482-0600
Fax: 617-482-0604

# Exhibit 3

✱ ✱ ✱  COMMUNICATION RESULT REPORT ( JUL. 30. 2008  2:45PM ) ✱ ✱ ✱

FAX HEADER 1:  ADLER POLLOCK & SHEEEHAN P.C.
FAX HEADER 2:  401-751-0604

TRANSMITTED/STORED : JUL. 30. 2008  2:31PM
FILE MODE         OPTION              ADDRESS                    RESULT          PAGE
------------------------------------------------------------------------------------
9005 MEMORY TX                        G3  :      5164668988        OK            108/108
------------------------------------------------------------------------------------
    REASON FOR ERROR
    E-1) HANG UP OR LINE FAIL              E-2) BUSY
    E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
    E-5) MAIL SIZE OVER



# AP&S
## ADLER POLLOCK & SHEEHAN P.C.

### FAX COVER SHEET

| | | | |
|---|---|---|---|
| **To:** | Joseph Yerushalmi, Esq. | **Date:** | 7/30/08 |
| **Company:** | Law Offices of Joseph Yerushalmi | **No. of Pages:** | 108 |
| **Fax No:** | 516-466-8988 | **Tel. No.:** | |
| **From:** | Nicholas R. Mancini, Esq. | **Tel. No.:** | 401-274-7200 |

**Message:**

**See attached.**

*463187_1*

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of the message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the below address via the U.S. Postal Service. Thank you

**Providence**
One Citizens Plaza, 8th Floor
Providence, Rhode Island  02903-1345
Tel: 401-274-7200
Fax: 401-751-0604/401-351-4607

**Boston**
175 Federal Street, 10th Floor
Boston, Massachusetts  02110-2890
Tel: 617-482-0600
Fax: 617-482-0604